UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00918-SVW-AJR | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Edmond Neal v. In and Out Premier Automotive Services LLC et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Before the Court is an Americans with Disabilities Act ("ADA") case filed by Plaintiff Edmond Neal ("Plaintiff"). *See* Compl., ECF No. 1. On February 4, 2026, the Court issued an order to show cause why the Court should exercise supplemental jurisdiction over Plaintiff's state law claims. *See* Minute Order, ECF No. 9. Having considered Plaintiff's response, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action.

## I. Background

### a. Legal Background

The ADA established "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b). The ADA provides a private right of action to individuals who are discriminated against on the basis of their disability in the enjoyment of public accommodations, however, the only remedy available to private plaintiffs is injunctive relief. *See id.* §§ 12182(a), 12188(a), 2000a-3(a).

The State of California has enacted similar legislation. Indeed, California's Unruh Act (codified at Cal. Civ. Code § 51) and California's Disabled Persons Act (codified at Cal. Civ. Code §§ 54-55.32), provide that "[a] violation of the right of any individual under the [ADA] shall also constitute a violation of this section." *Id.* §§ 51(f), 54(c). However, significantly, private plaintiffs can obtain damages under

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00918-SVW-AJR | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Edmond Neal v. In and Out Premier Automotive Services LLC et al* | | |

the Unruh Act and Disabled Persons Act. *Id.* §§ 52(a) (minimum damages award of $4,000), 54.3(a) (minimum damages award of $1,000).

In 2012, the California Legislature responded to what it saw as abusive practices by "a very small number of plaintiffs' attorneys" in disability accommodation suits. Act of Sept. 19, 2012, ch. 383, § 24, 2012 Cal. Stat. 3843, 3871. As the Legislature explained, some attorneys were demanding "quick money settlement[s]" from California business owners "without seeking and obtaining actual repair or correction of the alleged violations on the site, which only "financially enrich[ed] the attorney and claimant and d[id] not promote accessibility either for the claimant or the disability community as a whole." *Id.*

Accordingly, the Legislature added new provisions for "construction-related accessibility claim[s]" under the Unruh Act and Disabled Persons act, generally prohibiting such pre-litigation demand letters. Cal. Civ. Code § 55.31(b). The Legislature also imposed heightened pleading requirements applicable only to such claims, requiring (1) an "explanation of the specific access barrier or barriers the individual encountered"; (2) the "way in which the barrier denied the individual full and equal use or access, or [the way] in which it deterred the individual, on each particular occasion"; and (3) the "date or dates of each particular occasion on which the claimant encountered the specific access barrier, or on which he or she was deterred." Cal. Civ. Proc. Code § 425.50(a).

In 2015, the Legislature imposed additional requirements, evidently believing that its prior actions had not done enough to stop continued abuse by "high-frequency litigant[s]." Cal. Civ. Proc. Code § 425.55(a)(2), (b). The Legislature noted that "54 percent[] of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all complaints were filed by a total of 14 parties." *Id* § 425.55(a)(2). These lawsuits frequently targeted "small businesses on the basis of boilerplate complaints" to pursue "quick cash settlements rather than correction of the accessibility violation." *Id*.

Thus, the Legislature required such "high-frequency litigants" bringing a "construction-related accessibility claim" to disclose: (1) that the plaintiff is a high-frequency litigant; (2) how many complaints the plaintiff has filed in the prior 12 months; (3) the reason the plaintiff was in "the geographic area of the

| | : | |
|---|---|---|
| Initials of Preparer | DT | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00918-SVW-AJR | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Edmond Neal v. In and Out Premier Automotive Services LLC et al* | | |

defendant's business"; and (4) why the plaintiff "desired to access the defendant's business." *Id.* § 425.50(a)(4)(A).[1] In addition, the Legislature imposed a $1,000 additional filing fee—over and above the ordinary civil filing fees—for such high-frequency litigants. Cal. Gov't Code § 70616.5.

However, these "high-frequency" plaintiffs avoided the additional procedural hurdles imposed by the California Legislature by instead bringing their suits in federal courts. The number of ADA suits brought in this District (which invariably include state law Unruh Act or Disabled Persons Act claims) has tripled, going from 1,043 filings (or 7.2% of all civil filings) in 2015 to 3,374 filings (or 21.7% of all civil filings) in 2019. See U.S. Dist. Ct., C.D. Cal., Annual Report of Caseload Statistics, Fiscal Year 2019 at 8, available at https://www.cacd.uscourts.gov/sites/default/files/CACD_FY2019_Annual_Report.pdf.

### b. Factual Background

Plaintiff, who is disabled and requires the use of a wheelchair, brought this action alleging that Defendants owned and operated a tire shop business that lacked properly designated and maintained parking spaces for disabled persons. Compl. ¶¶ 1–2, 10–17. Plaintiff brought five claims for relief, alleging violations under (1) the Americans with Disabilities Act ("ADA"), (2) California's Unruh Act, (3) California's Disabled Persons Act, (4) California Health & Safety Code § 19955, *et seq.*, and (5) common law negligence. *Id.* ¶¶ 18–50.

Plaintiff's declaration in response to this Court's order to show cause indicates that Plaintiff is the sort of "high-frequency" litigant identified by the California Legislature. *See* Resp. to OSC, Declaration of Plaintiff, ECF No. 11-2; *see* Civ. Proc. Code § 425.55(b)(1). Plaintiff's counsel, So. Cal. Equal Access Group, also qualifies as a high-frequency litigant. *See* Resp. to OSC, Declaration of Jason J. Kim, ECF No. 11-1. By bringing these suits in federal court, Plaintiff and Plaintiff's counsel avoided the additional procedural hurdles that they would have faced if they had instead filed in state court.

---

[1] A "high-frequency litigant" plaintiff was generally one who had filed 10 or more such suits within the past 12 months. Cal. Civ. Proc. Code § 425.55(b)(1).

| | : | |
|---|---|---|
| Initials of Preparer | DT | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00918-SVW-AJR | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Edmond Neal v. In and Out Premier Automotive Services LLC et al* | | |

Plaintiff invoked this Court's federal question jurisdiction under 28 U.S.C. § 1331 for the ADA claim and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims. Compl. ¶¶ 6–7.

## II.    Legal Standard

A district court with original jurisdiction "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a district court may "decline to exercise supplemental jurisdiction over a claim" in four enumerated circumstances:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c).

When a court invokes the "exceptional circumstances" provision under § 1367(c)(4), it must first "articulate why the circumstances of the case are exceptional." *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district court must provide an explanation of its reasons if it invokes § 1367(c)(4), but not if it invokes § 1367(c)(1)–(3)). Second, in determining whether there are "compelling reasons for declining jurisdiction" in a given case, the court should consider what "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (citation omitted). However, these two inquiries are "not particularly burdensome." *Executive Software N. Am., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

:

Initials of Preparer          DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00918-SVW-AJR | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Edmond Neal v. In and Out Premier Automotive Services LLC et al* | | |

### III.    Application

Here, there is no doubt that Plaintiff's ADA and state law claims both "derive from a common nucleus of operative fact" and form part of the "same case or controversy" for purposes of § 1367(a). *Tr. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citations and internal quotation marks omitted). Indeed, since a violation of the ADA is *per se* a violation of the Unruh Act and Disabled Persons Act, the operative facts are identical for Plaintiff's second and third claims, as are the operative facts for Plaintiff's fourth claim under the California Health & Safety Code and fifth claim for negligence, both of which are premised on the alleged ADA violation. *See* Cal. Civ. Code §§ 51(f), 54(c); Compl. ¶¶ 43–50. Accordingly, supplemental jurisdiction exists for Plaintiff's state law claims.

However, the Court concludes that this is an exceptional circumstance where compelling reasons exist to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(4).

The Ninth Circuit has recognized that the proliferation of disability access suits brought in federal court by plaintiffs who would face additional procedural hurdles to bring the same suit in state court is a "highly unusual situation" that "threatens to have a significant adverse impact on federal-state comity." *Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021).

The State of California enacted additional procedural requirements for "construction-related accessibility" suits and "high-frequency litigants" bringing such suits, attempting to combat what it saw as abusive practices that extracted quick financial settlements without achieving corrective measures that promoted accessibility for the disability community. *See* Cal. Civ. Code § 55.31(b); Cal. Civ. Proc. Code §§ 425.55(a)(2), (b); *id.* § 425.50(a)(4)(A); Cal. Gov't Code § 70616.5. The Legislature enacted these additional requirements to further the remedial purposes of the Unruh Act and Disabled Persons Act.

However, the "wholesale shifting" of these cases into federal court by a select group of plaintiffs and their attorneys seeking to avoid the heightened procedural requirements of state court "threatens to

| | | : | |
|---|---|---|---|
| | Initials of Preparer | DT | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00918-SVW-AJR | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Edmond Neal v. In and Out Premier Automotive Services LLC et al* | | |

substantially thwart California's carefully crafted reforms in this area" and frustrate the Legislature's policy underlying these reforms. *Arroyo*, 19 F.4th at 1212-13. The result is a significant threat to federal-state comity and circumstances that are "'exceptional" in any meaningful sense of the term." *Id.* at 1213.

Given these exceptional circumstances, the question then becomes whether there are "compelling reasons" to decline supplemental jurisdiction here. *See* 28 U.S.C. § 1367(c)(4); *see also Arroyo*, 19 F.4th at 1214. The Court concludes that such compelling reasons exist.

In determining whether "compelling reasons" exist, courts are to consider the so-called "*Gibbs* values" of judicial economy, convenience, fairness to litigants, and comity, articulated in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Judicial economy and convenience do militate slightly in favor of exercising supplemental jurisdiction over Plaintiff's state law causes of action so that all claims can be resolved in one proceeding. However, as the Ninth Circuit has noted, these interests weigh less heavily at the outset of a litigation compared to later stages of a case, such as after a plaintiff's ADA claim has already been adjudicated and the result of the Unruh Act and Disabled Persons Act is thus "foreordained." *Arroyo*, 19 F.4th 1215-16.

As discussed above, the extraordinary circumstances here present a significant threat to federal-state comity. The comity interest thus weighs significantly in favor of declining jurisdiction over the state claims because the "wholesale shifting" of these claims to federal court undermines California's ability to vindicate the policies underlying its procedural reforms. *See id.* at 1212-13. To allow federal courts to become an escape hatch allowing plaintiffs to pursue such claims—regardless of whether a particular plaintiff or the small number of law firms that frequently pursue these actions currently satisfies the definition of a "high-frequency litigant"—is an affront to the comity between federal and state courts. *See Vo v. Choi*, 49 F.4th 1167, 1173 (9th Cir. 2022) (affirming the district court's discretionary decision not to exercise supplemental jurisdiction even where a particular plaintiff disputed whether she qualified as a high-frequency litigant and satisfied the state law's heightened pleading requirement because "[f]orcing the district court to determine if these two assertions are in fact true would itself run afoul of the Gibbs values—especially comity").

|  |  | : |  |
|---|---|---|---|
| | Initials of Preparer | DT | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00918-SVW-AJR | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Edmond Neal v. In and Out Premier Automotive Services LLC et al* | | |

Accordingly, while it would be an abuse of discretion to decline to exercise supplemental jurisdiction late in the litigation when there is little more to do than enter judgment on the state claims, the balance of the *Gibbs* values is struck differently at the outset of the case. *See Arroyo*, 19 F.4th 1215-16. At this early stage of the litigation, the convenience and judicial economy interests are at their lowest and are outweighed by the comity interest in furthering the policies underlying California's procedural reforms. *See id.*

Thus, in considering the *Gibbs* values, there are compelling reasons to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(4); *Arroyo*, 19 F.4th 1215-16.

**IV.    Conclusion**

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction and dismisses Plaintiff's state law causes of action (claims two through five).

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | DT |